**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

SANDRA K. OWENS, )
                                                      )
        **Plaintiff,**     )
                                                        )
    vs.                             )     Case No. 09-3075-CV-S-RED
                                                        )
**MICHAEL J. ASTRUE,**        )
**Commissioner of Social Security,** )
                                                     )
        **Defendant.**   )

## ORDER

Plaintiff Sandra Owens (hereinafter "Plaintiff") seeks judicial review of the Commissioner's denial of her request for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* Plaintiff has exhausted all of her administrative remedies, and judicial review is now appropriate. After carefully reviewing the record, the Court **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

## BACKGROUND

The parties present complete facts and arguments in their briefs. The ALJ's decision also sets forth comprehensive findings of fact and conclusions of law. The parties' facts and arguments and the ALJ's findings and conclusions are repeated herein only as necessary to explain the Court's decision.

## LEGAL STANDARD

The Court's review is limited to determining whether the Commissioner applied the correct

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of defendant's brief without quotation or citation.

standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a *de novo* review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with his current Residual Functional Capacity ("RFC") can meet the demands

2

of his past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that she is disabled. If the claimant is not able to perform her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

## ANALYSIS

**I.     The ALJ Properly Assessed Plaintiff's Credibility**

Plaintiff's first argument is that the ALJ improperly assessed her credibility. The ALJ found that while Plaintiff's impairments could be expected to produce the alleged symptoms, her statements concerning the intensity and persistence of the symptoms are not credible to the extent they are inconsistent with the evidence of record. After review, the Court finds no error.

A review of the record reveals many instances where Plaintiff's credibility as to her complaints could reasonably be questioned. For example, the ALJ noted that Plaintiff's psychiatric impairments improved with treatment, and yet Plaintiff had discontinued using certain prescribed medications that improved her symptoms. A failure to continue on medication that improves a condition undermines a plaintiff's credibility, and impairments which can be controlled with medication cannot be considered disabling. *Wagner v. Astrue*, 499 F.3d 842, 851 (8th Cir. 2007) ("A failure to follow a recommended course of treatment also weighs against a claimant's

3

credibility"); *Davidson v. Astrue*, 578 F.3d 838, 846 (8th Cir. 2009). The ALJ also noted that Plaintiff received only minimal mental health treatment for her allegedly disabling impairments, and the lack of evidence of ongoing counseling or psychiatric treatment also disfavors a finding of disability. *See Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000).

In addition, the ALJ noted Plaintiff's daily activities and interactions were inconsistent with her complaints of disabling symptoms. Specifically, the ALJ noted Plaintiff prepares daily meals, does household chores, and goes shopping three to four times a week. *See Medhaug v. Astrue*, 578 F.3d 805, 817 (8th Cir. 2009) (noting that acts such as shopping, cooking, and doing household chores "are inconsistent with subjective complaints of disabling pain"). Next, while Plaintiff alleged problems interacting with others, the record consistently shows she interacted with friends and family, and maintained relationships with boyfriends during the time in question. Plaintiff also alleged problems with concentration, but she indicated she spent her time doing puzzle books and reading, which are activities consistent with the ALJ's finding that she is capable of understanding and remembering simple, semi-complex and complex instructions. Such inconsistencies between Plaintiff's complaints and the evidence of record undermine Plaintiff's credibility.

Finally, the ALJ also noted Plaintiff was convicted and incarcerated for forgery, and that her work record demonstrated a poor motivation to work. These factors also weigh against Plaintiff's credibility. *See Simmons v. Massanari*, 264 F.3d 751, 756 (8th Cir. 2001) (noting forgery conviction may be considered in credibility analysis); *Comstock v. Chater*, 91 F.3d 1143, 1147 (8th Cir. 1996) (noting that work history that was "not 'particularly notable and has been characterized by fairly low earnings and some significant breaks in employment'" undermined the plaintiff's credibility regarding his complaints of disabling pain).

4

On review, it appears the ALJ examined the entire record and noted a number of factors which undermine Plaintiff's credibility as to her complaints of disabling impairments. The Court finds no error with the ALJ's assessment.

## II. The ALJ Gave Proper Weight to the Respective Opinions of the Medical Professionals

Plaintiff also argues the ALJ improperly weighed the various opinions of the treating and examining medical professionals. Plaintiff submitted to consultative mental examinations with Eva Wilson, Psy.D, and Dr. Joan Bender. The ALJ found Dr. Wilson's assessment of Plaintiff's condition was entitled to more weight. Plaintiff argues this assignment of weight was in error. The Court disagrees.

First, while Plaintiff argues Dr. Bender's evaluation should be entitled to more weight because it occurred closer in time to the hearing than Dr. Wilson's evaluation, a disability must last 12 continuous months, and the ALJ properly noted that Dr. Bender's assessment of Plaintiff's mental impairments occurred at a particularly stressful time in Plaintiff's life because her father had recently died and Plaintiff had recently underwent a hysterectomy. As such, these events could effect her presentation to Dr. Bender. In addition, the ALJ found that Dr. Bender's opinion relied heavily on Plaintiff's subjective statements about her condition. As such, the ALJ was entitled to give less weight to the opinion. *See Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007) ("The ALJ was entitled to give less weight to [the doctor's] opinion, because it was based largely on [plaintiff's] subjective complaints rather than on objective medical evidence"). Finally, Dr. Bender claimed Plaintiff could not perform full time work, and such an opinion is not entitled to deference because it "invades the province of the Commissioner to make the ultimate disability determination." *House v. Astrue*, 500 F.3d 741, 745 (8th Cir. 2007). For these reasons, the Court finds nothing improper

with the weight assigned to Dr. Bender's opinion.

Meanwhile, the ALJ gave more weight to the opinion of Dr. Wilson, who concluded that Plaintiff could understand and remember simple, semi-complex and complex instructions; could sustain concentration and persistence with at least simple and some semi-complex tasks; could interact socially but would do better if not asked to interact with the general public; and had no trouble adapting to her environment. The ALJ found Dr. Wilson's assessment was consistent with the record as a whole, and indeed, Dr. Wilson's opinion is supported by the opinions of Dr. John Bentley, who opined that Plaintiff had little or no limitation of functional capacity with regard to the mental demands of the workplace, and Dr. Elissa Lewis, who stated that Plaintiff retains the capacity to learn and perform at least moderately complex jobs which do not require working with the general public on a sustained basis.

After review, the Court finds no error with the weight assigned to the opinions of the medical professionals involved in the case.

### III.     The ALJ Properly Assessed Plaintiff's Residual Functional Capacity

Finally, Plaintiff also argues the ALJ improperly assessed her residual functional capacity. The ALJ determined that Plaintiff has the residual functional capacity to perform sedentary work, except that: she can lift and/or carry 10 pounds frequently and occasionally; stand and/or walk continuously for one to two hours; stand and/or walk for two hours throughout an 8-hour day; sit continuously at one time for four hours; never crouch or crawl; only occasionally climb, balance, stoop, or kneel; she should avoid exposure to heavy machinery; and that she is capable of understanding and remembering simple, semi-complex, and complex instructions; capable of sustaining concentration and persistence with at least simple and some semi-complex tasks; she does

not appear to have problems interacting socially, though she would do better in a situation where she was not asked to interact with the general public; and finally, she would not have trouble adapting to her environment. With these limitations, the ALJ concluded Plaintiff could perform work as a final assembler or fishing reel assembler.

Plaintiff argues the ALJ's finding that she can sit continuously at one time for 4 hours is ambiguous and not supported by the evidence. The ALJ's RFC is based largely on the opinion of Dr. Bentley, and the Court has already found no error with the weight given to Dr. Bentley's opinion. Dr. Bentley indicated Plaintiff could "sit continuously on a regular basis during an 8 hour workday for" 4 hours. Plaintiff argues the ALJ's opinion is ambiguous because he failed to state how many total hours Plaintiff can sit in an 8-hour workday, and because Dr. Bentley's opinion is unclear as to whether he intended to limit Plaintiff to sitting for only four hours in an eight-hour workday. However, there is no evidence indicating that Dr. Bentley or anyone else limited Plaintiff to sitting only four hours in an 8-hour day. On the contrary, Dr. Bentley's physical examination prior to his opinion was unremarkable, and Plaintiff and her mother did not indicate any limitation in Plaintiff's ability to sit. As such, the Court finds no error with the ALJ's RFC assessment on this issue.

Plaintiff also argues the ALJ failed to properly consider her obesity in his decision. However, the record indicates the ALJ found Plaintiff's obesity was a severe impairment, and that her obesity "alone or in combination with her migraines, fibromyalgia, and hypertension cause[s] significant limitation in her ability to perform basic work activities." The ALJ's finding is supported by Dr. Bentley's opinion. As such, the Court finds the ALJ properly considered Plaintiff's obesity. *See Heino v. Astrue*, 578 F.3d 873, 881-82 (8th Cir. 2009) ("The record indicates that the ALJ considered [plaintiff's] obesity when evaluating her claim. Because the ALJ specifically took

7

[plaintiff's] obesity into account in his evaluation, we will not reverse that decision").

The Court finds the ALJ's RFC determination is supported by substantial evidence of record.

## **CONCLUSION**

For the reasons cited herein, the decision of the Administrative Law Judge is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

DATED:  July 6, 2010                      */s/ Richard E. Dorr*
                                          RICHARD E. DORR, JUDGE
                                          UNITED STATES DISTRICT COURT